Submitted on briefs October 18, 1984, complaint dismissed February 12, 1985

## In re Complaint as to the conduct of
# GEORGE O. TAMBLYN,
*Accused.*

### (82-140; SC S30909)

695 P2d 902

George O. Tamblyn, Portland, filed the brief for the Accused, *pro se.*

Charles L. Best, Portland, filed the brief for the Oregon State Bar.

PER CURIAM

## PER CURIAM

■ The Oregon State Bar filed a complaint against George O. Tamblyn accusing him of unethical conduct. The Bar alleged that Tamblyn, in open court, instructed his client not to comply with an order granting a preliminary injunction and thereby violated DR 7-106(A) and ORS 9.527(3). Tamblyn contends that the order granting the preliminary injunction was void because it did not provide for security as required by ORCP 82A.(1)(a).

DR 7-106(A) provides:

"A lawyer shall not disregard or advise his client to disregard a standing rule of a tribunal or a ruling of tribunal made in the course of a proceedings, but he may take appropriate steps in good faith to test the validity of such rule or ruling."

ORS 9.527 provides in pertinent part:

"The Supreme Court may disbar, suspend or reprimand a member of the bar whenever, upon proper proceedings for that purpose, it appears to the court that:

"* * * * *

"(3) The member has wilfully disobeyed an order of a court requiring the member to do or forbear an act connected with the legal profession;"

ORCP 82A.(1)(a) is as follows:

"No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs, damages, and attorney fees as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained."

Because of the way in which we consider this case, the analysis is divided into two steps: (1) Is an order for a preliminary injunction which does not provide for security as required by ORCP 82A.(1)(a) void? We answer the first question in the affirmative and therefore must decide: (2) Is an instruction by a lawyer to a client to disregard or disobey a void order allowing a preliminary injunction a violation of DR 7-106(A) and/or ORS 9.527(3)?

A Trial Panel of the Disciplinary Board for Region

Five found that Tamblyn was guilty of violating DR 7-106(A), but not guilty of violating ORS 9.527(3). It recommended that Tamblyn receive a public reprimand. Because this matter was processed under the changes in procedure adopted by Oregon Laws 1983, chapter 618, we do not have a separate recommendation from the Disciplinary Review Board as provided in the previous procedure. Tamblyn requested review by this court. ORS 9.536(1).[1] We find Tamblyn not guilty and dismiss the complaint.

There is no substantial dispute as to the facts. U.S. Mortgage, Inc. was the owner of an office building in downtown Portland. In the spring of 1981, it leased a large portion of the building to Modular Online Systems, Co. for a term of five years. In November 1981, Modular Online Systems notified U.S. Mortgage that it was going to vacate the premises because it did not have the necessary money to make the lease payments. U.S. Mortgage retained Tamblyn to represent its interests. Tamblyn advised U.S. Mortgage to exercise its landlord lien rights on the tenant's personal property located in the leased premises. On December 4, 1981, the leased premises were posted by U.S. Mortgage notifying the tenants that "the property on the premises is being held as security for the over $80,000 due on the lease."

Shortly after the premises were posted, Modular Online Systems filed a suit in the circuit court seeking to enjoin U.S. Mortgage from holding its personal property as security. On December 14, 1981, after a hearing, the circuit court judge gave an order for a preliminary injunction without requiring security and allowing Modular Online Systems 48 hours to remove its property from the leased premises. The record shows that several times, after the court had ruled, Tamblyn told it that he was going to advise his client not to

---

[1] ORS 9.536(1) in part is as follows:

"* * * If the decision of the disciplinary board finds the accused attorney has not committed the alleged wrongdoing or determines that the accused attorney should be disciplined by way of reprimand or suspension from the practice of law up to a period of 60 days, the bar or the accused as the case may be, may seek review by the Supreme Court. Such review shall be a matter of right upon the request of either party. Otherwise, the decision of the disciplinary board shall be final. * * *."

ORS 9.536(1) was adopted as a part of Oregon Laws 1983, chapter 618, which made substantial changes in the procedure relating to the discipline of lawyers.

comply with the preliminary injunction. The following is an example:

> "THE COURT: I am saying that they do not have to post a bond for 48 hours and do business again and stay as a lease.
>
> "* * * * *
>
> "Mr. TAMBLYN: Then I am going to, in open court, advise my clients not to let them remove their articles and so — because without — and, again, I am asking you to post a bond, then a holding can be resolved in the future as to who is right and who is wrong."

Both the Bar and Tamblyn have called our attention to *State ex rel v. La Follette,* 100 Or 1, 196 P 412 (1921). That case involved a dispute between La Follette and Salem King's Products Company as to the terms of a contract to purchase La Follette's 1919 loganberry crop. The canning company filed a suit to specifically enforce the contract. The circuit court issued a "temporary mandatory injunction" commanding La Follette to deliver the remainder of his loganberry crop to Salem King's Products Company and requiring the company to pay to La Follette five and one-half cents per pound for all berries delivered and an additional three an one-half cents per pound to the clerk of the court. No undertaking to pay damages, costs and disbursements was required. La Follette refused to obey the temporary injunction. He was found in contempt and sentenced to pay a fine of $100. This court reversed. We held that the temporary injunction was *void* because no undertaking was required by the court as mandated by statute.

Olsen Oregon Laws § 417, in effect at the time the temporary injunction was issued in the *La Follette* case, provided:

> "An injunction may be allowed by the court, or judge thereof, at any time after the commencement of the suit and before decree. *Before allowing the same, the court or judge shall require of the plaintiff an undertaking,* with one or more sureties, to the effect that he will pay all costs and disbursements that may be decreed to the defendant, and such damages, not exceeding an amount therein specified, as he may sustain by reason of the injunction if the same be wrongful or without sufficient cause."[2] (Emphasis added.)

---

[2] In *State ex rel v. La Follette,* 100 Or 1, 8-9, 196 P 412 (1921), we explained the

In *La Follette,* this court said: "The only question for decision is whether the failure to give an undertaking rendered the injunction void." 100 Or at 8. We went on to hold that the injunction was void. We found the emphasized language of the above statute to be "imperative" and that the statute "in effect declares that judges and courts are without jurisdiction and therefore without power to allow temporary injunctions unless an undertaking is first filed." *La Follette,* 100 Or at 9. We explained as follows:

> "The giving of an undertaking is indispensable. The court could not dispense with that which the legislature has declared to be indispensable: *Swope v. Seattle,* 35 Wash 69 (76 Pac. 517). Although the court acquired jurisdiction over the suit, it did not acquire jurisdiction to allow a preliminary injunction in the ancillary proceeding attempted to be prosecuted by the plaintiff. The failure to give the undertaking rendered the order for the injunction absolutely void; and therefore, La Follette cannot be punished as for a contempt. Although there are a few adjudications to the contrary, the overwhelming weight of judicial opinion is in accord with our conclusion."[3] 100 Or at 10.

The order for a temporary injunction entered by the trial court on December 14, 1981, was void because no security was given as mandated in ORCP 82A.(1)(a). Although there is a difference in the wording of Olsen Oregon Laws § 417 and

---

reason for statutes requiring a bond or undertaking before a preliminary injunction can be allowed:

> "In this state, as in most states, there is a statute requiring plaintiff to furnish an undertaking before a preliminary injunction can be allowed. This legislation was enacted in order to remedy an evil. Issuance of temporary injunctions which were afterwards dissolved upon final hearing oftentimes caused damages to the enjoined party; and yet, no matter how serious the damages may have been, neither the law nor equity furnished a remedy, because the damages were supposed to have been caused by the judgment and order of the court and not by the plaintiff, if he did nothing more than sue in good faith. The injustice which so often flowed from injunction orders, for the consequences of which courts alone were responsible under the law, prompted legislatures to enact statutes requiring the giving of an undertaking as a condition precedent for the allowance of a temporary injunction: *State ex rel v. Williams,* 221 Mo 227, (120 SW 740)."

[3] 12 ALR2d 1067 states the rule as follows:

> "* * * by an almost unbroken line of authority and unanimous consensus of judicial opinion the rule may be said to be firmly established that a court does not possess the right or power to punish as for contempt a disregard or violation of a decree which it has rendered without jurisdiction over the subject matter or the parties or without the power or authority to render the particular decree or order."

ORCP 82A.(1)(a), the effect of both is the same. The former in part provided: "Before allowing the same, the court or judge *shall require* of the plaintiff an undertaking, * * *." (Emphasis added.) Its counterpart in ORCP 82A.(1)(a) is: "No restraining order or preliminary injunction *shall issue* except upon the giving of security by the applicant, * * *." (Emphasis added.) The language of both is mandatory. This court's interpretation of Section 417, Olsen Oregon Laws in *State ex rel v. La Follette, supra,* in 1921, applies with equal force to our present rule, ORCP 82A.(1)(a).

We now reach the most critical issue: Is an instruction by a lawyer to the client to disregard or disobey a void order of the court a violation of DR 7-106(A) and/or ORS 9.527(3)? This question has not previously been decided in Oregon.[4]

In *La Follette,* we explained a party's obligation as to valid orders:

> "In the very nature of things courts must and do have power to enforce observance of their orders by employing contempt proceedings. The power to enforce obedience is not dependent upon whether an order has been wisely or inconsiderately made. If a court has power to make a given order, it also has power to compel obedience to that order until such time as the order is vacated. It is no defense against a contempt proceeding to say that the order which has been disobeyed was not justified by the facts, or was erroneously or improvidently made; because the party has his remedy by appeal and he cannot in a collateral proceedings attack the order for mere irregularities * * *."[5] 100 Or at 7.

---

[4] We have been unable to find any case from any jurisdiction where this question has been decided. There are cases where lawyers have defended contempt citations on the grounds that the order which triggered the citation violated the constitutional rights of their client. *Maness v. Meyers,* 419 US 449, 95 S Ct 584, 42 L Ed 2d 574 (1975); *Chapman v. Pacific Tel & Tel Co,* 613 F2d 193 (9th Cir. 1979); *Matter of Riley,* 543 F Supp 333 (N.D. Iowa 1982).

[5] *Maness v. Meyers,* 419 US 449, 458-59, 95 S Ct 584; 42 L Ed 2d 574 (1975) is to the same general effect.

"We begin with the basic proposition that all orders and judgments must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but absent a stay, to comply promptly with the order pending appeal. Persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect. *Howat v. Kansas,* 258 US 181, 189-190, 66 L Ed 550, 42 S Ct 277 (1922); *Worden v. Searls,* 121 US 14, 30 L Ed 853, 7 S Ct 814 (1887).

The opinion contrasted a party's obligation as to a void order:

> "If, however, an order is void because made without jurisdiction, then a party can question the validity of the order and can prevent punishment as for contempt. An order which is absolutely void is only a seeming order and in truth is no order at all; and hence when a party refuses to obey a void order he has in reality not been guilty of refusing to obey an order of the court. * * * Stated broadly, a party cannot be guilty of contempt for disobeying an order which the court had no authority of law to make * * *." 100 Or at 7. (Citations omitted.)

■ ■ The Bar contends that *State ex rel v. La Follette, supra,* can be distinguished from this matter because it was a contempt proceeding involving a party and this is a disciplinary review concerning a lawyer. Those factors make no difference in the principles of law involved. An order granting a preliminary injunction without security is void for all purposes including a collateral contempt proceeding and a collateral bar disciplinary proceeding. It only seemed to be an order and was "in truth no order at all." When Tamblyn advised his clients to disobey the order granting the preliminary injunction, there was "no order" to disobey.

The complaint is dismissed and Tamblyn is awarded his costs and disbursements. ORS 9.536(4).

---

The orderly and expeditious administration of justice by the courts requires that 'an order issued by the court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings.' *United States v. Mine Workers,* 330 US 258, 293, 91 L Ed 884, 67 S Ct 677 (1947)."

The court then went on to discuss how an attorney should react to an order he did not agree with and explained the policy reasons for having such rules and sanctions.