Argued and submitted July 15, reversed in part, affirmed in part and remanded
December 17, 1986

CLAUSEN et al,
*Appellants,*

*v.*

CARSTENS et al,
*Respondents.*

(16-82-00713; CA A36595)

730 P2d 604

Eric R.-T. Roost, Eugene, argued the cause and filed the briefs for appellants.

Leslie M. Swanson, Jr., Eugene, argued the cause for respondents. With him on the brief was Swanson & Walters, P.C., Eugene.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Plaintiffs appeal a judgment against them in favor of defendants Carstens and Gillis (defendants) in this action for wrongful receivership, malicious prosecution and other torts. We reverse and remand.

Defendants are lawyers. They represented defendant Sharon Clausen (Sharon) during a bitter dissolution of her marriage to plaintiff Albert Clausen (Albert). As part of that representation they obtained an *ex parte* order appointing a receiver of Albert's interests in two corporations and other property and a restraining order against banks in which he and the corporations had accounts. The court later vacated the orders but, plaintiffs[1] allege, the appointment of the receiver and the restraining order played major roles in the collapse of the corporations' business. Plaintiffs seek to recover the losses suffered by the businesses and by themselves individually; in addition, they allege that defendants acted maliciously and intentionally and seek punitive damages.[2] The pleadings are extensive. The trial court granted summary judgment on the eighth amended complaint; other claims now in issue were earlier dismissed from the third and fifth amended complaints.[3]

We first consider plaintiffs' amended complaint.[4] Plaintiffs label their claim as one for wrongful receivership and restraining order; in their brief they argue that their allegations are also sufficient to assert a claim for malicious prosecution. We evaluate each basis for liability in turn.[5]

---

[1] The other plaintiffs are Albert's brother Paul and the affected corporations. Albert and Paul together own all the stock in the corporations.

[2] The events involved in this case led to a disciplinary proceeding against defendants; the Supreme Court dismissed the charges. *In re Gillis,* 297 Or 493, 686 P2d 358 (1984). The Supreme Court's opinion finds a number of facts; we do not rely on those findings, because this case comes to us solely on the pleadings.

[3] Plaintiffs' brief does not comply with ORAP 7.19(2). However, because we are able to determine the nature of plaintiffs' claims despite this sloppy lawyering, we will review the substance of their assignments.

[4] All of the complaints which we review in this appeal contain allegations that have little or no relevance to the particular claim asserted. When we hold that the allegations are sufficient to state a claim, we do not necessarily determine that all of the allegations are relevant to that claim. On remand plaintiffs should clean up this pleading quagmire.

[5] The court granted summary judgment for defendants on plaintiffs' eighth

In *McKinney v. Nayberger,* 138 Or 203, 295 P 474, 2 P2d 1111, 6 P2d 228, 229 (1931), the Supreme Court held that a receiver whose appointment is void *ab initio* is more than a trespasser and that a person harmed by the wrongful appointment may recover damages. An action for the wrongful appointment of a receiver is simply a variation of the tort of trespass.

> "[T]he individual appointed receiver is no more than a trespasser when it develops that the writ which created his office and appointed him as the incumbent was a nullity. In fact, in our belief the present action is one of trespass rather than an action of malicious prosecution." 138 Or at 218.

That an action for wrongful receivership is actually an action for trespass simplifies the resolution of a number of the issues. Although trespass is an intentional tort, it is sufficient if the defendant simply intends to commit the act of interfering with another's property; the plaintiff need not prove that the defendant believed the action to be wrongful or intended to cause damage to the plaintiff. Liability flows automatically from intentionally doing the act. "The point is that the defendant intended the intrusion." Prosser and Keeton, *Torts* (5th ed 1984) 73, § 13. Under Oregon law, also, an intrusion is a trespass if it is intentional. *See Hudson v. Peavey Oil Company,* 279 Or 3, 6-7, 566 P2d 175 (1977); *Loe et ux v. Lenhard et al,* 227 Or 242, 248-49, 362 P2d 312 (1961).

In the eighth amended complaint, plaintiffs alleged that defendants and Sharon, acting together, obtained an order appointing a receiver and caused the receiver to take legal custody of the businesses. That is sufficient to state a claim for trespass, if the order appointing the receiver was void. Defendants need not have trespassed personally if they caused the receiver to do so. *See Restatement (Second) Torts,* §§ 158(a), 217(a).[6] Plaintiffs next allege that the receiver

---

amended complaint. Defendants included with their motion affidavits relevant to some of the grounds on which they sought summary judgment. However, the court granted summary judgment on a ground which was not one on which plaintiffs provided affidavits or other evidence. There are disputed issues of material fact which preclude the grant of summary judgment on the factual grounds on which defendants sought it. We review to determine whether defendants are entitled to judgment on any of the other bases which they asserted. At the very least, they are not, if plaintiffs have adequately pled claims against them.

[6] That defendants were Sharon's lawyers, as the complaint also alleges, does not affect their liability under these principles as trespassers.

failed to file the statutory oath, and that defendants failed to file the statutory undertaking before the receiver entered on its duties. *Former* ORS 31.030.[7] These failures, if true, do not render the order appointing the receiver void. Those are actions which must occur *after* the receiver's appointment. *Cf. In re Tamblin,* 298 Or 620, 695 P2d 902 (1985) (preliminary injunction is void when the court did not require an undertaking before issuing it; under the rule, the court had to require the undertaking *before* issuing the injunction).

Plaintiffs also allege that defendants obtained the receivership order and the restraining order *ex parte* and without notifying Albert's attorney and that there was no emergency which would justify the failure to give notice. The Supreme Court noted in *In re Gillis, supra* n 2, 297 Or at 500-02, that the statutes and previous cases gave defendants a reasonable basis to believe both that the court had the power to appoint a receiver in a dissolution case and that an *ex parte* application was proper in emergency circumstances. We need not now decide whether defendants' belief was correct as well as reasonable. If plaintiffs' allegation that there was no emergency is correct, the court was without authority to issue the order. *See Huntington v. Coffee Associates,* 43 Or App 595, 603 P2d 1183 (1979). The appointment of the receiver would then have been void, and the receiver would be a trespasser *ab initio,* thus entitling plaintiffs to damages. The complaint is sufficient to state a claim for the wrongful appointment of a receiver.[8]

■ Plaintiffs also assert that they have alleged a claim for malicious prosecution in the eighth amended complaint.[9] The court properly granted summary judgment against Paul and the corporations on this claim. Defendants did not institute any proceeding against them, and the order appointing the receiver limited the receiver's authority to Albert's interests in the businesses. Defendants did not prosecute any

---

[7] *Former* ORS 31.030 was repealed by Or Laws 1981, ch 898, § 53.

[8] Because a wrongfully appointed receiver is a trespasser, the corporations and Paul are proper plaintiffs even though they were not parties to the dissolution action. According to the complaint, the receiver intentionally interfered with their operation of the businesses; any trespass therefore violated their interests.

[9] Plaintiffs do not assign as error the court's grant of motions directed against malicious prosecution claims which they attempted to assert in earlier complaints.

claims against those plaintiffs, so they could not have prosecuted those claims maliciously.[10]

■■ The eighth amended complaint is adequate, however, to state a malicious prosecution claim on behalf of Albert. We consider only the ways in which defendants assert that the allegations fall short.[11] They first argue that plaintiffs are attempting to base a malicious prosecution claim on negligence rather than on intentional conduct, because they alleged that defendants knew, "or should have known," that Sharon's affidavit contained intentionally false statements. However, plaintiffs also alleged that defendants "acted wilfully and out of malice" and for the ulterior purpose of obtaining improper advantages in the dissolution case and that no emergency existed. The absence of an emergency in this case would show the absence of probable cause to appoint the receiver.[12] That is the heart of a malicious prosecution action; that Sharon made statements which defendants should have known were false might be evidence in support, but it is not an element of the tort. Rather, that allegation appears to be relevant to the wrongful receivership claim, because it tends to show that there was no emergency and that defendants acted maliciously.

Defendants next argue that they acted with probable cause and in good faith as a matter of law. That argument depends on defendants' view of the facts, yet only the pleadings are before us. *See* n 5, *supra.* Although the determination of probable cause is a matter for the court, that cannot be done until the trier of fact has determined what the facts are. Despite defendants' arguments, the Supreme Court's factual statements in *In re Gillis, supra* n 2, are not conclusive as to

---

[10] The allegations in the complaint that defendants acted maliciously remain relevant to plaintiffs' prayer for punitive damages on the wrongful receivership claim.

[11] Defendants do not assert on appeal that the trial court should have stricken the complaint as containing more than one claim not separately stated. *See* ORCP 21E.

[12] An attorney is not liable for malicious prosecution unless the attorney acts *both* without probable cause to believe the client's claim will succeed *and* for an improper purpose. An attorney *may* properly present a client's claim for adjudication, even though the attorney believes it to be without probable cause, if the client insists that the attorney do so. *See Restatement (Second) Torts,* § 674, *comment d.* Lack of a reason to believe that the statements in Sharon's affidavit were true may be relevant to whether defendants believed that they were acting with probable cause and may thus be relevant to the punitive damages claim.

plaintiffs, because they are based on a view of the facts which may be different from that which plaintiffs establish at trial.[13] Albert has sufficiently pled that defendants acted maliciously and without probable cause.

 Defendants also assert that plaintiffs have not shown "special injury" from the appointment of the receiver. A plaintiff in a malicious prosecution case must show that the defendant's actions in the earlier case produced injuries beyond those which are a common burden on parties to litigation. *O'Toole v. Franklin,* 279 Or 513, 516-17, 569 P2d 561 (1977); *Crouter v. United Adjusters, Inc.,* 259 Or 348, 364-65, 485 P2d 1208 (1971). There is special injury "when the chosen proceeding itself involved immediate interference with the person, property, income, or credit of the subsequent complainant * * *." *O'Toole v. Franklin, supra,* 279 Or at 516. Plaintiffs allege that the imposition of a receiver and the restraining order against the banks caused special injury "by granting immediate control of the businesses to the receiver, thereby causing immediate interference with Plaintiffs' businesses and business property, and with Plaintiffs' income and credit." This is a sufficient pleading of special injury. Defendants' argument that the receiver merely monitored the businesses and did not control them is a factual issue which does not affect the adequacy of the pleadings.

 Plaintiffs made claims for abuse of process in the fifth amended complaint. We reverse the dismissal of Albert's claim only. A defendant is liable for abuse of process if it perverts a process which is regular on its face to a purpose for which the process is not intended. The tort involves the use of the process as a club by which to extort something unrelated to the process from the other party. *Reynolds v. Givens,* 72 Or App 248, 253, 695 P2d 946 (1985); Prosser and Keeton, *supra,* 897-898, § 121. Albert alleges that defendants procured the receiver for the ulterior purpose of coercing a settlement and unauthorized discovery in the dissolution case. That is a sufficient pleading. Although the receiver was appointed in

---

[13] Defendants state that they submitted evidence taken in the disciplinary hearing in support of their motion for summary judgment. We do not find that evidence in the record. We also do not find any request that the trial judge take judicial notice of the facts stated in *In re Gillis, supra* n 2, or any statement that he did so. We therefore do not decide whether those facts are a proper subject for judicial notice.

the very case in which defendants allegedly sought a collateral advantage, Albert has still stated a claim. The receivership proceeding was collateral to the main case. Its only proper purpose was to protect the property at issue pending the outcome of the case. *See former* ORS 31.010 (*repealed by* Or Laws 1981, ch 898, § 53). Its use to coerce a settlement or other concessions in the main case would be beyond the purpose for which it was created. Although the complaint does not explicitly allege that defendants procured the receiver *primarily* for the ulterior purpose, *see Restatement (Second) Torts* § 682 and *comment b,* that allegation is implicit in the pleadings.[14]

Plaintiffs also asserted claims for intentional interference with economic relations. To do so successfully, they had to allege that defendants intentionally interfered with plaintiffs' business relations, that defendants did so *either* with an improper purpose *or* by improper means and that as a result plaintiffs suffered injury beyond the fact of the interference itself. *Straube v. Larsen,* 287 Or 357, 361, 600 P2d 371 (1979); *Top Service Body Shop v. Allstate Ins. Co.,* 283 Or 201, 208-10, 582 P2d 1365 (1978); *Erlandson v. Pullen,* 45 Or App 467, 471, 608 P2d 1169 (1980). Interference is intentional if the defendant knows that it is a necessary consequence of the defendant's acts; the defendant need not act for the purpose of causing the interference. *Straube v. Larsen, supra,* 287 Or at 361. Among the improper means that a defendant may use is unfounded litigation. *Top Service Body Shop v. Allstate Ins. Co., supra,* 283 Or at 210-11; *see also Employers' Fire Ins. v. Love It Ice Cream,* 64 Or App 784, 792, 670 P2d 160 (1983). Plaintiffs have alleged that defendants knowingly and intentionally interfered with their expected sales of automobiles and that they suffered injury beyond the fact of the interference. They have also alleged both improper motive and improper means. The improper motive—which applies only to Albert's claim—is that of coercing settlement and obtaining unauthorized discovery in the dissolution. The improper means—which applies to all claims—is obtaining the receiver. Plaintiffs have adequately alleged that that motive and those

---

[14] Whatever may have been the effect of the appointment of the receiver on Paul or on the businesses, the process was not directed against them. We therefore affirm the dismissal of the abuse of process claim as to them.

means are improper for the same reasons that we discussed when evaluating the malicious prosecution and wrongful receiver claims. We therefore reverse the dismissal of the intentional interference with economic relationships claims.

■ Finally, in their third amended complaint, plaintiffs asserted that defendants violated certain portions of the Code of Professional Responsibility by obtaining the receivership *ex parte* and that those alleged violations subjected them to liability to plaintiffs. Although the Supreme Court has not explicitly so held, it has strongly suggested that a violation of the Code of Professional Responsibility is not a basis for a tort action by a damaged party. *See Bob Godfrey Pontiac v. Roloff,* 291 Or 318, 331-32, 630 P2d 840 (1981). We hold, for the reasons given in the cases which the Supreme Court cited, that there is no tort liability for a violation of the Code. We therefore affirm the dismissal of this claim.

Reversed and remanded on the wrongful receivership claim; reversed and remanded as to Albert Clausen and otherwise affirmed on the malicious prosecution and abuse of process claims; reversed and remanded on the intentional interference with economic relations claim; affirmed on the violation of disciplinary rule claim.